This case this afternoon is No. 2010-1459, Malico, Inc. v. Cooler Master. Mr. Michael John, we'll hear from you. We'll ask you perhaps questions involving both sides. Okay, Your Honor. Thank you very much. Tell us if you don't want to answer any of them. Thank you, Your Honor. Proceed. We ask the Court to affirm the District Court's decision dismissing the case for lack of personal jurisdiction and also affirm the Court's discretionary decisions denying discovery on the jurisdictional issue and awarding fees to my client. I'd like to go over each of those three issues unless Your Honor has some questions. With respect to the jurisdictional issue, Your Honor, I think it's fairly clear. There's two ways to establish jurisdiction, personal jurisdiction. One is general jurisdiction and the other is specific. There is no evidence at all in the record. I think it's agreed with opposing counsel. No evidence in the record of specific jurisdiction, whatever. So the only basis for personal jurisdiction then would be general jurisdiction. As to the evidence of general jurisdiction, the only evidence set out is a declaration of an attorney and that declaration talks about a visit that he made several months after the complaint was filed to a store in the Western District of Washington. And he took certain pictures, and if you count up the number of units in those pictures, it's less than 40. He alleges in the declaration, but it's sort of carefully worded, that there were trips to that store over the past four years. What he doesn't state in the declaration is whether any of those trips were before the complaint was filed, whether products were there, or how many products were there. What amount of due diligence would be appropriate in this type of a case? Due diligence, Your Honor? Prior to filing the complaint. Prior to filing the complaint. First of all, Your Honor, there's almost never is a situation, well, I shouldn't say never, but frequently there's not a situation where you can sue anybody in any state, whatever. But almost always, if it's a U.S. company, there's at least one state you can sue them in. So, for example, our client has a headquarters in California. It's got a couple offices there, and clearly personal jurisdiction would have been appropriate there. This is not a foreign corporation, Your Honor. If they had filed the same complaint in California, would they still be subject to a motion to dismiss? I don't think so, Your Honor, because there, I think, principles of general jurisdiction apply. We do, it's our headquarters, that's where we do our business. I think, frankly, the only reason that they filed in the Western District of Washington is because they had an attorney there. As a matter of fact, we made a motion to transfer the case to Washington, and we pointed out that the only connection between this lawsuit and the Western District of Washington was their attorney. They objected to the transfer. They objected, but the court denied the motion to transfer as moved. They were both pending at the same time. But since the court granted the motion to dismiss for lack of personal jurisdiction, it just didn't treat the issue of transfer. But clearly they could have sued there. The attorney's declaration at least showed that some of your clients' products were in the state of Washington at a retailer, correct? That's correct, Your Honor. So the question I have is why isn't that enough to at least suggest that some discovery might be appropriate to find out how those products got there? Yes, Your Honor. First of all, the mere presence in the state of that small number of products clearly cannot establish general jurisdiction. No, is that so clear? I mean, the whole chain of commerce, body of law, if routinely in the state, whether it's small or not, seems to be significant. Well, the answer to both questions, Your Honor, I think is proof. There has to be in the Ninth Circuit, and I think also in the Federal Circuit, there has to be a prima facie showing of jurisdiction initially. And secondly, according to Ninth Circuit law, there's a procedural requirement that there be a declaration or an affidavit of someone showing what evidence they would likely get, how they would get it, whether you take a deposition or ask for document requests or a third-party deposition. I think we have a number of our cases that say that Federal Circuit law applies, not Regional Circuit law. I think Federal Circuit law applies, Your Honor, with respect to the relevance of discovery. And clearly, Federal Circuit law is that in order to get discovery, you have to make a prima facie case. Ninth Circuit law applies with respect to the procedural aspects of that. How do you make this prima facie case? But, sir, if you have photographs showing there's a big retailer and there are the products in significant quantity routinely on the shelf, isn't that a prima facie case? Well, I would disagree a little bit with those characterizations, Your Honor. I don't think it's a significant number of products. I don't think they're routinely on the shelves. There was a showing several months after the complaint was filed that 40 units were on the shelf. Now, the question is, could they get discovery and show that there's general jurisdiction based on that? I don't think so, Your Honor. I think that for general jurisdiction, there's an extremely high bar. But given the fact that there were products being sold, at least at retail, in Washington, how else would Malico ever discover how those products got there without the aid of some discovery? Well, Your Honor, if it was specific jurisdiction, there would only need to be one product there. And, of course, we're not talking about that, but it's general jurisdiction. How would they find out? Well, frankly, Your Honor, I don't think no matter how many products were there, you could establish general jurisdiction just upon the basis of a bunch of products being sold in the state. General jurisdiction. Some discovery might reveal, for example, that your client had a regular practice of sending sales reps to the state of Washington to meet with retailers and that this was a practice that had been ongoing and that the declaration that showed products on a single day was reflective of a pattern that occurred for years. Well, Your Honor, first of all, we had a declaration of evidence denying all of that, saying that we had no place of business in the state of Washington. We had no trade representatives there. We had no one ever visit there. We don't sell the accused products there. We have a lot of evidence as to what we do not do in the state of Washington. As a matter of fact, we admitted the things that we do do, which is to sell. This is a motion for dismissal based on jurisdiction? Yes, Your Honor. Not a motion to dismiss? Yes. So aren't the facts in the alleged complaint, the allegations made in the complaint, taken as true? Not when they're specifically denied, Your Honor. In the Ninth Circuit, procedurally, you have to come forth with declaration evidence showing why the denials are not right or showing that there's additional evidence that supports a view. That's just what they wanted to do? That's what they wanted to do, Your Honor, but think of the extremes. Suppose, for example, they found a single product in the state of Washington that we sold after a vast investigation by them, both pre-filing and post-filing. They found one product. Does that give them the right to take a discovery with respect to general jurisdiction? I don't think it does. Suppose they found no product. Suppose they said, hey, I just want to sue here because I have a lawyer here and I'd like to sue and I'll ask for some discovery and maybe through discovery I might find out that I've got a good basis here. I don't think that's the law, Your Honor. I think what the law is is you've got to do a pre-filing investigation. Now, sometimes you can't always get those facts necessary for pre-filing investigation. For example, Your Honor mentioned a stream of commerce theory. Well, maybe, for example, you might have some facts to show that there is personal jurisdiction here. You might have a fact, for example, you found an accused product in the state, but you don't know whether how it got here or whether it's through an established trade channel or something like that. Well, I think that might give you the basis for doing some discovery with respect to stream of commerce. But we have nothing, and it seems to me that 40 units is nothing. There's no basis for taking jurisdictional discovery. Besides that, Your Honor, they didn't even ask for discovery with respect to general jurisdiction. They thought they had it made. They were relying totally on that declaration for general jurisdiction. They'd ask for discovery only for specific jurisdiction. And Your Honor, if I could cite you to their brief before the district court. They say, and I quote, this is on A127, Malico's entitled to jurisdictional discovery on the issue of whether the defendant has conducted infringing activity at specific jurisdiction in this district sufficient to support specific jurisdiction. That's pretty broad. Pardon me, Your Honor? That's pretty broad. No, infringing activity, Your Honor. And to me, that means specific jurisdiction. There's no mention in the brief of general jurisdiction. And to be absolutely clear about it, they had two points in their brief under argument. The first argument was general jurisdiction's appropriate. There's no request for jurisdictional discovery with respect to general jurisdiction. And the second point of two, there's only two, Malico's entitled to discovery on the issue of specific jurisdiction. It's very, very clear that that's all they were asking for. They never asked for discovery with respect to general jurisdiction. So I think they have waived that, Your Honor. In the Ninth Circuit anyway, procedurally, you have to file this declaration or affidavit showing what you can get. It can't simply be a hunch is the word that the courts use. What you expect to get, why you expect to get it, and how you're going to get it. That is, who the opponent's going to be and why this person would have that knowledge and that kind of thing. So it's got to be pretty specific. It can't just be, gee, I think I might, or I have a hunch, or I believe I'll get it. They didn't even put that declaration in. They just simply, in their brief, said we would like to take some discovery on jurisdiction. The last issue I'd like to mention, Your Honor, is the fee issue. Now first of all, Your Honor, I should mention there were three opinions with respect to fees. And those opinions can be found in both the main appendix and the supplemental appendix, A1, A9, and A207. And those three opinions had to do with, first of all, just a general statement that fees will be allowed. Secondly, a decision with respect to what fees should be allowed. And third, having to do with the reasonableness of the rates and the number of hours. Let me say, Your Honor, I think the most important aspect here is that Malico never filed any paper in opposition to any of those motions. And any of the cases that it cites now to suggest that the fee award, the discretionary fee award was inappropriate, never was brought to the Court's attention by either Malico or by us. Was there an argument on the issue? No argument. No, there was no argument, oral argument at all on it, Your Honor. There was three, you know, basically three briefs, our motion to dismiss, their opposition. Was the motion argued? The motion has, there is no argument in the motion. In our opposition to the motion, we point out to the court that they didn't oppose our fee request. So if we went on the merits, we should get our fees. That was basically our argument. And they've never made any argument, whatever, on any of those three motions. We put in our fee request. They didn't oppose that. We put in some declarations about the reasonableness, the fees and the hours. Sure, I understand. You're saying that they waived any argument on that motion or they didn't discuss it or that there was no hearing held when you say there was no argument? What I'm saying, Your Honor, is they never opposed the issue before the district court at all, either in briefing or any other way. We didn't have any oral argument before the court at all. It was all done on the briefs and then the Court's decision. So no opposition to the fee issue, whatever, on any of the three motions. And I think that they've waived that. I don't think they can bring that up and ask you to decide that issue for the first time on appeal. And besides that, it's a discretionary issue anyway, kind of a high burden of high standard of review. Okay. Any more questions for Mr. Michael Johnson? Any more questions? Okay. Thank you, Mr. Michael Johnson. Thank you for coming and letting us ask you questions. Thank you, Your Honor. I appreciate it.